UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOHN HIGGINS,
          Plaintiff,

-vs.-     Case No.: 06-cv-689
                                                                                 (GLS-DRH)

CONSOLIDATED RAIL CORPORATION
and CSX CORPORATION,
          Defendants.

---

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS OMNIBUS MOTION *IN LIMINE*

AND NOW, come the Defendants, CSX CORPORATION and CONSOLIDATED RAIL CORPORATION, (hereinafter "Defendants") by and through its attorneys and files the within Memorandum of Law in Support of Its Omnibus *in Limine*.

### BACKGROUND

Plaintiff filed a Complaint pursuant to the Federal Employers' Liability Act, ("FELA"), 45 U.S.C. § 51 et. seq., alleging he developed carpal tunnel syndrome to his left upper extremity as a result of the negligence of Defendants. As set forth in more detail below, the Defendants request that Plaintiff be precluded from introducing evidence on the various topics identified below.

### LAW AND ARGUMENT

**A. Plaintiff's Should not be Permitted to Discuss Before the Jury Any Purported Congressional Intent for the Enactment of FELA.**

It is wholly inappropriate for Plaintiff to discuss before the jury any purported "Congressional intent" for the enactment of the Federal Employers' Liability Act ("FELA"); such argument should not be permitted. See, Stillman v. Norfolk & Western Ry. Co., 811 F.2d 834 (4th Cir. 1987).

In Stillman, the Plaintiff contended that the district court erred in refusing to permit his counsel to present an argument to the jury concerning Congress' intent in enacting FELA. See, Id. at 838. The court stated, "[s]o long as the jury was properly instructed on the applicable law, we can see no reason why it would be either necessary or appropriate for the jury to hear an argument about Congress's intent in enacting [FELA]." Id. at 838.

Moreover, it has been held to be trial error either to argue or advise the jury regarding the history of FELA. See, Atlantic Coast Line R.R. Co. v. McDonald, 119 S.E.2d 356 (Ga.App. 1961); Texas & New Orleans R.R. Co. v. Arnold, 381 S.W.2d 388 (Tex.App. 1964). In Atlantic, the court stated, that, "[no evidence] could have been placed before the jury, regarding the history of the Federal Employers' Liability Act and the reasons behind its enactment. Such…had no place in the jury's deliberations as to the merits of the case." Atlantic, 119 S.E.2d at 364.

**WHEREFORE**, Defendants respectfully request that this Honorable Court instruct the Plaintiff not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, the congressional intent of FELA.

**B. No Reference May be Made in a FELA Case Regarding the Lack of Workers' Compensation Benefits Available to Plaintiff.**

Any remark comparing the FELA to Workers' Compensation Acts, or the fact that the Plaintiff was not covered under Workers' Compensation Benefits, is impermissible; no reference may be made in a FELA case regarding the lack of Workers' Compensation benefits available to Plaintiff. See, Hileman v. Pittsburgh & Lake Erie R.R. Co., 546 Pa. 433 (1996); Snyder v. Lehigh Valley R.R. Company, 245 F.2d 112 (3d Cir. 1957); Kodack v. Long Island R.R. Company, 342 F.2d 244 (2d Cir. 1965).

In Hileman, the court held it to be reversible error for an injured employee's counsel to comment on the fact that Plaintiff did not receive Workers' Compensation benefits. See, Hileman, 546 Pa. 433, 442. The court stated that the Plaintiff's "ineligibility for workers' compensation benefits was irrelevant to any of the issues to be tried." Id. at 440. Moreover, the court rationalized, that [i]nformation about the lack of workers' compensation can serve only to create sympathy for the Plaintiff and potential prejudice against the defendant." Id. at 441.

Furthermore, the Third Circuit has held that a plaintiff's counsel must also be precluded from making any comment or statement referring to the FELA action as a Workers' Compensation case. In Snyder v. Lehigh Valley Railroad Company, 245 F.2d 112, 115 (3d Cir. 1957), the Plaintiff brought an action under FELA for injuries sustained during his employment with the defendant railroad. Id. at 115. After the case had been submitted to the jury, the jury sent the trial judge a written inquiry as to whether the Plaintiff was receiving workmen's compensation. Id. at 115. The trial judge simply responded to the jury's question in the negative. Id. at 115.

On appeal to the Third Circuit, the Court ruled that the judge, . . . should have admonished the jury that the Plaintiff's receipt or non-receipt of workmen's compensation was not in the case; that they must put it out of their minds. Instead, by his reply the trial judge in effect gave judicial sanction to the jury's consideration of an issue which was not only irrelevant but foreign to the basic question of negligence which it was to decide. Id. at 115. Therefore, any claims brought under the Federal Employers' Liability Act should be described as such before the jury panel. Ultimately, in a FELA action, the issue presented to the jury is whether or not the defendant railroad was negligent. Referring to a claim brought under FELA as a workers' compensation case would only serve to confuse the jury and prejudice Defendants.

It is likewise an error to argue that the FELA is the only method the railroad employee has to recover damages or be paid for an on-the-job injury. See, Weinell v. McKeesport Connecting R.y. Co., 411 F.2d 510 (3d Cir. 1969). The Third Circuit held, in Weinell, that because of an improper comment made by the plaintiff's counsel concerning this subject matter, the court should properly give an instruction that the FELA was *not* the plaintiff's only remedy. It would be just as improper for Plaintiff to argue that the jury verdict was the "only avenue" by which Plaintiff could be compensated. See, Tucker v. Kansas City Southern Ry. Co., 765 S.W.2d 308 (Mo.App. 1989) (the court granted a new trial).

**WHEREFORE**, Defendants respectfully request that this Honorable Court instruct the Plaintiff not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, that Plaintiff's sole remedy is under the Federal Employer's Liability Act and/or that this case is a Workers' Compensation action.

### C. Any Future Earnings Awarded Must be Reduced to Present Value.

In the event that an award is made for any future loss of earnings, the amount must be reduced to the present value of the money and a jury instruction to that effect is required. See, Monessen Southwestern Ry. Co. v. Morgan, 486 U.S. 330 (1988); St. Louis-SW Ry. Co. v. Dickerson, 470 U.S. 409 (1985); Chesapeake & Ohio R.R. Co. v. Kelly, 241 U.S. 485 (1916); Wilburn v. Maritrans GP Inc., 139 F.3d 350 (3d Cir. 1998); Gorniak v. Nat'l R.R. Passenger Co., 889 F.2d 481 (3d Cir. 1989).

In FELA cases, "a Defendant is entitled to have the jury instructed that when future payments or other pecuniary benefits are to be anticipated, the verdict should be made up on the basis of their present value only." Wilburn, 139 F.3d 350, 364 (quoting, St. Louis-SW Ry. Co., 470 U.S. 409, 411).

State courts have also recognized that damages awarded for future loss of earnings should be reduced to their present value. <u>Friedman v. C & S Car Serv.</u>, 527 A.2d 871 (N.J. 1987); <u>Maus v. New York, Chicago & St. Louis Rd. Co.</u>, 135 N.E.2d 253 (Ohio 1956); <u>Stone v. United Engineering, A Div. of Wean, Inc.</u>, 475 S.E.2d 439 (W. Va. 1996); <u>Chafin v. Norfolk & W. R.R. Co.</u>, 93 S.E. 822 (W. Va. 1917). In <u>Stone</u>, the Supreme Court of Appeals of West Virginia held that the "Plaintiff was required to establish through expert testimony . . . an economic calculation of the monetary loss over the Plaintiff's work-life expectancy reduced to a present day value." <u>Stone</u>, at 456. In <u>Chafin</u>, the Supreme Court of Appeals of West Virginia held that "[d]amages under the FELA should be equivalent to compensation for the deprivation of the reasonable expectation of pecuniary benefits that would have resulted from the continued life of the deceased employee. A sum payable in the future; and where a verdict is based on the deprivation of future benefits, the ascertained amount to these should ordinarily be discounted so as to make the verdict equivalent to their present value." <u>Chafin</u>, 93 S.E. at 824 (quoting, <u>Chesapeake & Ohio Ry. Co. v. Kelly</u>, 241 U.S. 485 (1916)).

**WHEREFORE**, Defendants respectfully request that this Honorable Court enter an Order that will charge the jury on the reduction of any award for future wages to present value.

### D. Testimony or Other Evidence of Medical Costs, Hospital Bills or Other Medical Expenses Paid by a FELA Plaintiff's Employer May not be Introduced.

A FELA Plaintiff is not permitted to introduce, at trial, testimony or other evidence of medical costs, hospital bills or other medical expenses that have been paid by his employer directly or through a group insurance policy, as the same are not collateral sources. <u>Fuhrman v. Reading Co.</u>, 439 F.2d 10 (3d Cir. 1971); <u>Ford v. Nat'l R.R. Passenger Corp.</u>, 734 F. Supp. 215 (D. Md. 1990); <u>Lyons v. Southern Pac. Transp. Co.</u>, 684 F. Supp. 909 (W.D. La. 1988); <u>Francis v. Nat'l R.R. Passenger Corp.</u>, 661 F.Supp. 244, 245 (D. Md. 1987); <u>Nelson v. Penn Central R.R.</u>

Co., 415 F. Supp. 225 (N.D. Ohio 1976) (stating that medical expenses paid by defendant through group insurance are not collateral sources). Since these items are not collateral sources, the same are not recoverable as damages. Nelson, 415 F. Supp. 225. Therefore, evidence as to the amount of expenses or the fact of payment is irrelevant. Francis, 661 F.Supp. at 245. Consequently, the Plaintiff should not be permitted to offer any medical costs, bills or expenses that have been paid by the Defendants.

**WHEREFORE**, Defendants respectfully request that this Honorable Court instruct the Plaintiff not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, any reference of claims as to the Reimbursed Amount of any Past or Future Medical Expenses or Medical Treatment.

### E. Punitive or Exemplary Damages Should not be Permitted in a FELA Case.

It should be noted that "there [has] not [been] a single case since the enactment of FELA in 1908 in which punitive damages have been allowed." Kozar v. Chesapeake and Ohio Ry. Company, 449 F.2d 1238, 1242 (6th Cir. 1971). In this case, the Court held that punitive damages are not recoverable under the Federal Employers' Liability Act. Id. at 1238. The court relied upon a line of Supreme Court cases holding that damages recoverable under FELA are strictly compensatory in nature. Id. at 1240, (citing, Gulf Colorado and Santa Fe Ry. Co. v. McGinnis, 228 U.S. 173 (1913)); see also, Michigan Central R.R. Co. v. Vreeland, 227 U.S. 59 (1913); American R.R. Co. of Porto Rico v. Didricksen, 227 U.S. 145, (1913). Other United States Courts of Appeals have followed the same reasoning, including the Ninth Circuit in Wildman v. Burlington Northern Railroad Company, 825 F.2d 1392, 1395 (9th Cir. 1987) Therefore, it is clear that other circuits have clearly stated that punitive damages are not an available remedy under FELA.

**WHEREFORE**, Defendants respectfully request that this Honorable Court instruct the Plaintiff not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, any reference to punitive or exemplary damages.

**F.  Prejudgment Interest is not Available under FELA.**

"The federal and state courts have held with virtual unanimity over more than seven decades that prejudgment interest is not available under the FELA." <u>Monessen Southwestern Ry. Co. v. Morgan</u>, 486 U.S. 330, 336 (1988).  Yet, Congress has never attempted to amend the FELA to provide for prejudgment interest.  We are unwilling in the face of such congressional inaction to alter the longstanding apportionment between carrier and worker of the costs of railroading injuries.  If prejudgment interest is to be available under the FELA, then Congress must expressly so provide.  <u>Id</u>. at 338.

It is clear from the above case law that the United States Supreme Court has expressly held that courts may not award prejudgment interest in Federal Employers' Liability Act suits. Therefore, Plaintiff's counsel must be precluded from making any statements concerning prejudgment interest in the presence of the jury.

**WHEREFORE**, Defendants respectfully request that this Honorable Court instruct the Plaintiff not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, any reference to prejudgment interest, as it is not available under the FELA.

**G.  Discussion of Motions *in Limine* by Plaintiff's Counsel Should be Prohibited.**

It would be wholly inappropriate for Plaintiff's counsel to discuss before the jury the Motions *in Limine* themselves; such argument should not be permitted, as it is not relevant.  <u>See</u>, Fed. R.. Evid. 401.  The Federal Rules of Evidence state that, "relevant evidence means evidence

having any tendency to make the existence of any *fact that is of consequence* to the determination of the action *more probable or less probable* than it would be without the evidence." (emphasis added) Fed. R. Evid. 401. Mentioning the Motions *in Limine* would not serve the purpose of making any purported fact "that is of consequence" more or less probable than said fact would be without such evidence. Thus, as set forth under the Federal Rules of Evidence, "evidence that is not relevant is not admissible." Fed. R. Evid. 402.

Alternatively, if mentioning the Motions *in Limine* themselves would be deemed relevant evidence, it would still be inappropriate to admit them as evidence because of their prejudicial nature. See, Fed. R. Evid. 403. The Federal Rules of Evidence, state that, "relevant, evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice…." Fed. R. Evid. 403. Making mention of the Motions in Limine to the jury purportedly carries no/little probative value, while the danger of unfair prejudice to the Defendant regarding such evidence is great, in that it may appear to the jury, which is unfamiliar with such a Motion, that the Defendant has "something to hide" or are choosing to be "less than upfront" with the jury. The jury cannot be expected to understand nor should be expected to understand the procedural and/or strategic elements of filing Motions in Limine.

**WHEREFORE**, Defendants respectfully request that this Honorable Court instruct the Plaintiff not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, reference to the filing of any Motions *in Limine* in this matter and further instruct the Plaintiff and his counsel not to make any reference to the fact that this Motion has been filed and granted and to warrant and caution each and every one of his witnesses to strictly follow the same instructions.

**H. Discussion of Plaintiff or Defendants' Relative Financial Conditions.**

It would be wholly inappropriate for Plaintiff to discuss before the jury the financial condition of Defendants as there is no issue in the case at bar to which Defendants' financial condition, or any disparity between Plaintiff and Defendants is relevant. See, Fed. R. Evid. 401. The Federal Rules of Evidence state that, "relevant evidence means evidence having any tendency to make the existence of any *fact that is of consequence* to the determination of the action *more probable or less probable* than it would be without the evidence." (emphasis added) Fed. R. Evid. 401. Mentioning the financial condition of Defendants would not serve the purpose of making any purported fact "that is of consequence" more or less probable than said fact would be without such evidence. Thus, as set forth under the Federal Rules of Evidence, "evidence that is not relevant is not admissible." Fed. R. Evid. 402.

Further, courts have held that such arguments are not only improper, but constitute grounds for reversal: "Appealing to the sympathy of the jurors through references to the wealth of the defendant in contrast to the relative poverty of the plaintiff is totally improper and cause for reversal." Gonzales v. Volvo of America Corp., 734 F.2d 1221 (7th Cir. 1984); Garcia v. Sam Tanksley Trucking, Inc., 708 F.2d 519 (10th Cir. 1983).

**WHEREFORE**, Defendants respectfully request that this Honorable Court instruct the Plaintiff not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, reference to the relative financial condition of Defendants and further instruct Plaintiff not to make any reference to the fact that this Motion has been filed and granted and to warrant and caution each and every one of his witnesses to strictly follow the same instructions.

### I. Mention of Loss of Consortium Damages.

Defendants requests that plaintiff be prevented from testifying as to his family's loss of consortium damages. A right to recover for loss of consortium damages does not exist when the underlying claim is brought pursuant to FELA. Sindoni v. Consolidated Rail Corporation, 4 F.Supp.2d 358, 362 (M.D. Pa. 1996) (citing, Quitmeyer v. Southeastern Pennsylvania Transportation Authority, 740 F.Supp. 363, 370 (E.D. Pa. 1990)).

Therefore, it is improper for Plaintiff's counsel to comment to the jury concerning family members' dependency on Plaintiff for financial support. Chicago St. P.M. & O.R. Co. v. Arnold, 160 F.2d 1002, 1008 (8th Cir. 1947). In fact, it is improper for Plaintiff to mention that he has a wife and/or children. Chicago St., 160 F.2d. at 1008. Presentation of such evidence would be highly prejudicial and misleading and would have no probative value. Fed. R. Evid. 402 and 403.

**WHEREFORE**, Defendants respectfully request that this Honorable Court instruct the Plaintiff and his counsel not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, reference to loss of consortium damages and further instruct Plaintiff and his counsel not to make any reference to the fact that this Motion has been filed and granted and to warrant and caution each and every one of his witnesses to strictly follow the same instructions.

### J. Mention of Other Claims or Suits Involving Defendant.

Defendants request that Plaintiff be precluded from presenting evidence concerning other claims or suits involving Defendant. See, Fed. R. Evid. 401. The Federal Rules of Evidence state that, "relevant evidence means evidence having any tendency to make the existence of any *fact that is of consequence* to the determination of the action *more probable or less probable*

{M0306541.1}

10

**McNAMEE, LOCHNER, TITUS & WILLIAMS, P.C.** • 677 BROADWAY • P.O. BOX 459 • ALBANY, NEW YORK 12201-0459

than it would be without the evidence." (emphasis added) Fed. R. Evid. 401. Presenting evidence or commenting on prior suits that have been brought against Defendant would not serve the purpose of making any purported fact "that is of consequence" more or less probable than said fact would be without such evidence. Thus, as set forth under the Federal Rules of Evidence, "evidence that is not relevant is not admissible." Fed. R. Evid. 402.

Further, evidence of similar acts of negligence is inadmissible when attempting to prove that the defendant did or did not commit a particular act. Keyser v. H.H. Lackey, 523 S.W.2d 295, 298 (Tex.Civ.App. – Corpus Christi 1975, no writ). Presentation of such evidence would be highly prejudicial and would serve no probative value. Fed. R. Evid. 402 and 403.

**WHEREFORE**, Defendants respectfully request that this Honorable Court instruct the Plaintiff not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, reference to other suits or claims against Defendants and further instruct the Plaintiff and his counsel not to make any reference to the fact that this Motion has been filed and granted and to warrant and caution each and every one of his witnesses to strictly follow the same instructions.

### K. Evidence of Safer Method of Maintaining Workplace.

Defendants request that Plaintiff be prevented from presenting any evidence of safer methods of maintaining his workplace. FELA is not an insurance statute. Myers v. Illinois Cent. R.R. Co., 323 Ill.App.3d 780, 787 (Ill. App. Ct. 2001). The employer is not held to an absolute responsibility for the reasonably safe condition of the place, tools, and appliances, but only to the duty of exercising reasonable care to that end, the degree of care being commensurate with the danger reasonably to be anticipated. Isgett, 332 F. Supp. at 1133.

An employer's duty to its employees under the FELA is to use reasonable care and prudence so that the work place and the appliances furnished are reasonably safe for the purpose and in the circumstances in which they are use. Seymour v. Illinois Cent. R. Co., 25 F.Supp.2d 734, 738 (S. D. Miss. 1997) citing, Armstrong v. Kansas City Southern R. Co., 752 F.2d 1110, 1113 (5th Cir. 1985). The test, therefore, is not whether the tools to be used and the place in which the work is to be performed are absolutely safe, or whether the employer knew the same to be unsafe, but whether or not the employer has exercised reasonable care and diligence to make them safe. Id.

Likewise, the court in Chicago & N. R. Co. emphasized that the employer is under a duty to exercise ordinary care to supply machinery and appliances reasonably safe and suitable for the use of the employee however, the employer is not required to furnish the latest, best, and safest appliances, or to discard standard appliances upon the discovery of later improvements, provided those in use are reasonably safe and suitable. Chicago, 241 U.S. at 473-74. (emphasis added). A railroad is not required to provide an absolutely safe workplace, but is only held to a duty of exercising reasonable and ordinary care to provide a reasonably safe place for work to be performed. Chicago & N.R. R. Co. v. Bower, 241 U.S. 470 (1916).

Accordingly, in the instant matter, the inquiry should be limited to the Defendants exercise of reasonable care and ordinary care. Therefore, any inquiry as to whether a railroad could have employed a safer method of maintaining the workplace is irrelevant and should be excluded.

**WHEREFORE**, Defendants respectfully request that this Honorable Court instruct the Plaintiff and his counsel not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, that Defendants could have employed a safer method of maintaining the workplace, and further instruct the Plaintiff and his counsel not to make any reference to the fact that this Motion has been filed and granted and to warrant and caution each and every one of his witnesses to strictly follow the same instructions.

DATED:   January 4, 2010

McNAMEE, LOCHNER, TITUS
& WILLIAMS, P.C.

By: _____
Scott A. Barbour
677 Broadway
P.O. Box 459
Albany, New York 12201-0459
(518) 447-3213

BURNS, WHITE & HICKTON
Four Northshore Center
106 Isabella Street
Pittsburgh, Pennsylvania 15212

Attorneys for Defendants

TO:   John Higgins
      Plaintiff
      P.O. Box 354
      Bearsville, New York 12409